UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-370-RJC

| | |
|---|---|
| **DAMEION CLEGG,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **FNU SHRADER,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint as provided for by 28 U.S.C. § 1915A. Pursuant to Section 1915A(a), the "court shall review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a upon which relief can be granted." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief can be granted.

**I. BACKGROUND**

Plaintiff initially filed his Complaint in the Eastern District of North Carolina. (Doc. No. 1). An initial review of the filing by that court found that Plaintiff's Complaint raised allegations about an incident which Plaintiff contends occurred at Lanesboro Correctional Institution which is within the Western District. The Eastern District, therefore, transferred the case to this district after finding that venue was proper in the Western District. (Doc. No. 2).

1

In his Complaint, Plaintiff alleges that while incarcerated at Lanesboro Correctional, he suffered an injury after being escorted from the shower by the Defendant. Plaintiff contends that the Defendant was not providing him with proper support and Plaintiff's back went out and he fell head first down thirteen steps. Plaintiff states that "they" know he was not supposed to be at the top of the stairway. The remaining allegations of Plaintiff's Complaint are murky at best. But, Plaintiff appears to allege that he was treated at the hospital and released, and the prison officials informed him that he had not broken any bones during his fall. (Doc. No. 1 at 4).

In his claim for relief, Plaintiff asserts that the corrections staff neglected to follow "its own policies and procedures" and as a result, Plaintiff seeks just compensation for his pain and suffering. (Id. at 5).

## II. LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as to certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1, 4 (1980) (finding "that the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law."); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding *in forma pauperis* must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure of the plaintiff to allege facts which set forth a

claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Federal Rule of Civil Procedure 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

In his Complaint, Plaintiff appears to try and set forth a claim for negligence. However, Plaintiff's claim must fail because a claim for negligence will not lie in a Section 1983 action. See Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made clear that liability under § 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant.") (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). The claim for relief "cannot be predicated upon negligence." Id. (citing Daniels v. Williams, 474 U.S. 327, 331 (1986)). Turning to Plaintiff's Complaint, even when read liberally, Plaintiff does not fairly allege deliberate action on the part of the Defendant. Accordingly, Plaintiff's claim for negligence will be dismissed.

Plaintiff also contends that the correctional staff failed to follow their own policies and procedures. (Doc. No. 1 at 5). Plaintiff appears to allege that correctional staff did not follow proper procedure in conducting him from the shower and then placing him in proximity to a

3

stairwell. In Sandin v. Connor, 515 U.S. 472, 481-82 (1995), the Supreme Court stated that prison regulations are not designed to confer rights or benefits upon inmates. On the contrary, they are primarily designed to guide correctional officials in the administration of prisons. Id. Therefore, a claim that prison officials have not followed their own policies does not, without more, amount to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); see also United States v. Caceres, 440 U.S. 741, 751-52 (1979) (finding mere violations of agency regulations do not raise constitutional questions); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the constitution requires, a state's failure to abide by its own law is not a violation of federal law).

In the present case, Plaintiff does not fairly identify what internal policy or procedure he contends the correctional staff violated. Plaintiff's claim that the Defendant or other correctional individuals failed to follow an unidentified procedure fails to state a claim for relief under Section 1983, and will therefore be dismissed.

**IT IS, THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: August 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge